UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| DEMETRIUS LEO PINKETT | ) | |
| DANA LYNN PINKETT, | ) | CASE NO. 14-67504-MHM |
| | ) | |
| DEBTORS. | ) | |

**CHAPTER 13 TRUSTEE'S
OBJECTION TO CONFIRMATION OF PLAN & MOTION TO DISMISS CASE
PURSUANT TO 11 U.S.C. SECTION 109(g)(1)**

COMES NOW Adam M. Goodman, Chapter 13 Trustee, and Objects to Confirmation of the Plan and files this Motion to Dismiss Case under 11 U.S.C. Sections 1307(c), 109(g), 349(a), and 105(a), for cause, including the following reasons:

1. The Plan as proposed will extend beyond sixty (60) months, contrary to 11 U.S.C. Section 1322(d).

2. The Debtors have failed to provide the Trustee with a copy of Page 2 of 1040 and Schedule C of the federal tax return or transcript of such return for the most recent tax year ending immediately before the commencement of the instant case and for which a federal income tax return was filed, in violation of 11 U.S.C. Section 521(e)(2)(A)(i).

3. The Debtors have failed to provide sufficient pay advice information for the Trustee to determine whether the Debtors' plan provides for the appropriate applicable commitment period. 11 U.S.C. Sections 521(a)(1)(B)(iv), 1325(a)(3), and 1325(b)(4).

4. Internal Revenue Service filed a secured and/or priority proof of claim; however, the Plan fails to provide treatment for said claim, in violation of 11 U.S.C. Sections 1322(a)(2) or 1325(a)(5).

5. Debtors are self-employed; however, the Chapter 13 Budget and schedules do not include an itemization for business expenses; thereby, preventing the Trustee from fully evaluating good faith, feasibility, and/or disposable income, in violation of 11 U.S.C. Sections 1325(a)(3), 1325(a)(6), 1325(a)(7) and 1325(b).

Adam M. Goodman
Standing Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

6.  Debtors have failed to respond to Questions 19 through 25 of the Statement of Financial Affairs, responses which are required for any self-employed person(s), partner (other than limited partner) or sole proprietor; thereby, preventing the Trustee from fully evaluating good faith, feasibility, and/or disposable income, in violation of 11 U.S.C. Sections 1325(a)(3), 1325 (a)(6), 1325(a)(7), and 1325(b).

7.  The Debtors should provide proof of the fair market value of real property so the Trustee may conduct a hypothetical liquidation analysis.  11 U.S.C. §§1325(a)(3) and 1325(a)(4).

8.  The funding of post-petition mortgage installments have not been maintained in the above-styled Chapter 13 case; thereby, rendering the present budget and proposed Plan infeasible, 11 U.S.C. Section 1325(a)(6).

9.  All prior bankruptcy cases of the Debtors, or pending related bankruptcy cases, may not have been disclosed (14-60381); thereby, indicating a lack of good faith in proposing the instant repayment Plan, possibly in violation of 11 U.S.C. Section 1325(a)(3) and 1325(a)(7).

10. Pursuant to information received from the Internal Revenue Service, 2012 tax returns have not been provided to the taxing authorities; thereby, preventing the Chapter 13 Trustee from evaluating the feasibility of the Chapter 13 Plan, in violation of 11 U.S.C. Sections 1322(d) and 1325(a)(6).

11. The voluntary petition fails to reflect Debtor/husband's complete name (also known as Demetrius Leo Pinkett, Sr.).

12. In prior case, the Georgia Department of Revenue filed a secured claim, but the Plan does not provide for it.

13. Debtors should provide proof that Debtor/wife has sufficient federal income tax withheld from her pay.

14. Trustee requests documentation showing the amount owed for delinquent child support (as creditor advised Trustee that the balance is closer to $16,000.00).

15. Debtors have filed one (1) previous unsuccessful Chapter 13 Case, being Case Number 14-60381 filed May 29, 2014 and dismissed prior to confirmation August 26, 2014. Based on the foregoing, the Chapter 13 Trustee respectfully moves the Court to dismiss the instant case with prejudice; thereby, rendering the Debtors ineligible for relief under Title 11 for one hundred eighty (180) days, pursuant to 11 U.S.C. Sections 1325(a)(3), 1325(a)(7), 105(a), 109(g) and 349(a).

Adam M. Goodman
Standing Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

WHEREFORE, the Trustee moves the Honorable Court to inquire into the above objections at the separately scheduled and noticed Confirmation Hearing, deny Confirmation of the Debtors' Chapter 13 Plan and Dismiss the Case pursuant to 11 U.S.C. Sections 105(a) and 109(g); thereby, rendering the Debtors ineligible from re-filing another Chapter 13 Case for one hundred eighty (180) days.

/s/Mandy K. Campbell
Mandy K. Campbell
Attorney for Standing Chapter 13 Trustee
GA Bar No. 142676

Adam M. Goodman
Standing Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| DEMETRIUS LEO PINKETT | ) | |
| DANA LYNN PINKETT, | ) | CASE NO. 14-67504-MHM |
| | ) | |
| DEBTORS. | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served

DEBTORS:

    DEMETRIUS LEO PINKETT
    DANA LYNN PINKETT
    705 ASBURY WAY
    LITHONIA, GA 30058

ATTORNEY FOR DEBTORS:

    JONATHAN R. MELNICK, ESQ.
    3355 LENOX ROAD
    SUITE 750
    ATLANTA, GA 30326

the above in the foregoing matter with a copy of this Objection to Confirmation of Plan and Motion to Dismiss Case by depositing same in the United States Mail in a properly addressed envelope with adequate postage thereon.

This 29th day of October 2014.


/s/Mandy K. Campbell
Mandy K. Campbell
Attorney for Standing Chapter 13 Trustee
GA Bar No. 142676


Adam M. Goodman
Standing Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444