UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| | : | |
| **DEMETRIUS LEO PINKETT and DANA LYNN PINKETT,** | : | CASE NO. **14-67504 – MHM** |
| | : | |
| DEBTORS. | : | |

**NOTICE OF HEARING ON CHAPTER 13 TRUSTEE'S MOTION FOR DIRECTION REGARDING DISPOSITION OF UNDISTRIBUTED FUNDS**

YOU ARE HEREBY NOTIFIED that the Chapter 13 Trustee in this case has filed a Motion for Direction Regarding Disposition of Undistributed Funds.

All objections must state the grounds therefore and must be filed with the Clerk, United States Bankruptcy Court: Richard B. Russell Building, U.S. Courthouse, 75 Spring Street, SW, Room 1340, Atlanta, GA 30303-3367. A copy must be furnished to the Chapter 13 Trustee: Adam M. Goodman, Suite 200, 260 Peachtree Street, Atlanta, Georgia 30303.

**A hearing will be held on June 19, 2015, at 11:00am in Courtroom 1204 in the Richard B. Russell Building, 75 Spring Street, SW, Atlanta, GA 30303-3367.**

DATED: June 8, 2015.

/s/
Mandy K. Campbell
GA Bar 142676
Staff Attorney for Adam M. Goodman
Chapter 13 Trustee
260 Peachtree Street, Suite 200
Atlanta, GA 30303
678-510-1444

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| | : | |
| **DEMETRIUS LEO PINKETT and** | : | CASE NO. **14-67504 – MHM** |
| **DANA LYNN PINKETT,** | : | |
| | : | |
| DEBTORS. | : | |

-------------------------------------------------------------------------

**CHAPTER 13 TRUSTEE'S MOTION FOR DIRECTION REGARDING
DISPOSITION OF UNDISTRIBUTED FUNDS**

COMES NOW, Adam M. Goodman, Standing Chapter 13 Trustee, and files this Motion for Direction Regarding Disposition of Undistributed Funds, and shows the Court as follows:

1.

Debtors filed this case under Chapter 13 on September 5, 2014. The Chapter 13 plan was not confirmed. Debtor's case was dismissed on May 15, 2015 (Doc. No. 41). Prior to dismissal, Trustee has received a total of $5,467.49.[1] Trustee received $246.03 in statutory fees and disbursed adequate protection totaling $250.00 to Farmers Furniture, $250.00 to Prestige Financial Services, Inc., and $500.00 to Coastal Credit. Trustee is in possession of $4,221.46, as payments made under the Chapter 13 plan. This matter concerns the administration of the estate and is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

---

[1] Trustee also received $614.83 after dismissal of the case, and Trustee received a statutory fee of $33.82. Trustee will refund the fee of $33.82 and disburse the post-dismissal payment of $614.83 to Debtors, as this payment was made after dismissal and the funds unequivocally belong to Debtors.

2.

The terms of the Chapter 13 plan provide that should the case be dismissed or converted prior to confirmation, Trustee would disburse the funds on hand to Debtor's counsel for fees up to $900.00, after payment of any unpaid filing fees, Trustee's fees and expenses, and adequate protection payments. On information and belief, the source of funds on hand is from Debtor's income. Trustee would propose to disburse the funds to the following party:

* $4,221.46 to Debtor.

3.

Code § 1326(a) provides that the debtor shall make payments to the trustee, and subsection (a)(2) directs that the trustee retain the funds until confirmation or denial of confirmation. If the plan is not confirmed, the trustee is to return "any such payments not previously paid and not yet due and owing to creditors pursuant to paragraph (3) to the debtor, after deducting any unpaid claim allowed under section 503(b)."

4.

Trustee's standard practice in disbursing funds upon conversion or dismissal of a Chapter 13 case finds its genesis at least since *In re Lennon*, 65 B.R. 130 (Bankr. N.D. Ga. 1986) (J. Cotton). In *Lennon* the debtor converted her unconfirmed Chapter 13 case to Chapter 7, and the court ruled that the plan payments in the trustee's possession would be turned over to the debtor as opposed to the Chapter 7 trustee.

5.

On May 18, 2015, the Supreme Court of the United States issued its decision in *Harris v. Viegelahn*, 2015 WL 2340847 (2015). The Court decided that funds in the Chapter 13 trustee's possession in a confirmed case that converted to Chapter 7 should be turned over to the debtor as opposed to disbursed to creditors, and funds were not vested in the creditors "until it is distributed to them." *Id.* at *7. The Court focused its decision on § 348(e) and (f), as well as Rule 1019. The Court found that the *res judicata* effect of

§ 1327(a) and the trustee's duty to distribute payments under § 1326(a)(2) were of "no force here, for they ceased to apply once the case was converted to Chapter 7." *Id.* The Court also stated that the trustee "continuing to distribute funds to creditors pursuant to the defunct Chapter 13 plan is not an authorized 'wind-up' task." *Id.*

6.

*Harris* is factually distinguishable as it involved a confirmed plan that was converted. However, the above-referenced statements made in the Supreme Court's opinion, the different but corollary provisions of 11 U.S.C. §§ 348(e) and 349(b),[2] and the requirement in 11 U.S.C. § 1326(a)(2) that the Trustee in unconfirmed cases "shall" return to the Debtor payments "not previously paid and not yet due and owing to creditors…after deducting any unpaid claim allowed under section 503(b)," all raise concerns about disbursing funds to any party other than the debtor without a determination as to claims allowed under § 503(b).[3]

WHEREFORE, the Chapter 13 Trustee respectfully requests that this Court provide direction as to how the funds in his possession should be disbursed, and for other such relief as the Court deems just and proper.

Dated: This the 8th day of June, 2015.

---

[2] See *In re Hamilton*, 493 B.R. 31, 38 (Bankr. M.D. Tenn. 2013) (In a post-confirmation case, citing legislative history, the court noted that "§ 349(b) is broad, and serves to undo the bankruptcy case to the extent possible---to put all parties in the positions they were in before the case was filed." Citing S.Rep. No. 95-989, 49, reprinted in 1978 U.S.C.C.A.N. 5787, 5835. The court found § 349(b)(3) unambiguous, and that at dismissal, unless the court ordered otherwise, all postpetition earnings vest in the debtor.)

[3] Compare *Williams v. Marshall*, 526 B.R. 695 (N.D. Ill. 2014); *In re Rogers*, 519 B.R. 267 (Bankr. E.D. Ark. 2014); *In re Weatherspoon*, 2014 WL 61405 (Bankr. W.D. Wash. 2014); and *In re Garris,* 496 B.R. 343 (Bankr. S.D.N.Y. 2013).

Respectfully submitted,

/s/
Mandy K. Campbell
GA Bar 142676
Staff Attorney for Adam M. Goodman
Chapter 13 Trustee
260 Peachtree Street, Suite 200
Atlanta, GA 30303
678-510-1444

14-67504-MHM

# CERTIFICATE OF SERVICE

This is to certify that I have this day served:

DEBTORS:

Demetrius Leo Pinkett
Dana Lynn Pinkett
705 Asbury Way
Lithonia, GA 30058

DEBTORS' ATTORNEY:

Jonathan R. Melnick
3355 Lenox Road
Suite 750
Atlanta, GA 30326

AND ALL CREDITORS ON THE ATTACHED MATRIX

with a copy of the foregoing Chapter 13 Trustee's Motion for Direction Regarding Disposition of Undistributed Funds by depositing in the United States Mail a copy of the same in a properly addressed envelope with adequate postage thereon.

DATED: June 8, 2015.

/s/
Mandy K. Campbell
GA Bar 142676
Staff Attorney for Adam M. Goodman
Chapter 13 Trustee
260 Peachtree Street, Suite 200
Atlanta, GA 30303
678-510-1444

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113E-1<br>Case 14-67504-mhm<br>Northern District of Georgia<br>Atlanta<br>Mon Jun  8 13:46:00 EDT 2015 | (p)FARMERS FURNITURE<br>ATTN CORPORATE CREDIT DEPT<br>PO BOX 1140<br>DUBLIN GA 31040-1140 | American InfoSource LP as agent for<br>Midland Funding LLC<br>PO Box 268941<br>Oklahoma City, OK  73126-8941 |
| Coastal Credit<br>2110 New Market Pkwy.<br>Suite 101<br>Marietta, GA 30067-9308 | Dekalb Medical Center<br>P.O. Box 723537<br>Atlanta, GA 31139-0537 | Division of Child Support Services<br>2910 Miller Rd.<br>Decatur, GA 30035-4264 |
| ECMC/NCO Financial Systems, Inc<br>5625 Frantz Rd.<br>Dublin, OH  43017 | Georgia Department of Labor<br>P.O. Box 3433<br>Atlanta, GA 30302-3433 | (p)GEORGIA DEPARTMENT OF REVENUE<br>COMPLIANCE DIVISION<br>ARCS BANKRUPTCY<br>1800 CENTURY BLVD NE SUITE 9100<br>ATLANTA GA 30345-3202 |
| Georgia Dept. of Labor<br>Suite 826<br>148 Andrew Young Inter. Blvd., NE<br>Atlanta GA 30303-1751 | Georgia Dept. of Labor<br>Suite 910<br>148 Andrew Young Inter. Blvd., NE<br>Atlanta GA 30303-1751 | Internal Revenue Service<br>P.O Box 7346<br>Philadelphia, PA 19101-7346 |
| Ocwen Loan Servicing<br>P.O. Box 24738<br>West Palm Beach, FL 33416-4738 | PRESTIGE FINANCIAL SERVICES<br>PO BOX 26707<br>SALT LAKE CITY, UT 84126-0707 | Prestige Financial<br>P.O. Box 26397<br>Salt Lake City, UT 84126 |
| Radiology Associates<br>P.O. Box 279<br>Norcross, GA 30091-0279 | Sallie Mae<br>P.O. Box 9635<br>Wilkes-Barre, PA  18773-9635 | Southeastern Pathology<br>P.O. Box 30309<br>Charleston, SC 29417-0309 |
| Trugreen<br>c/o Transworld Systems<br>507 Prudential Rd.<br>Horsham, PA 19044-2308 | U. S. Attorney<br>600 Richard B. Russell Bldg.<br>75 Spring Street, SW<br>Atlanta GA 30303-3315 | Vila Corder<br>4031 Sweetwater Pkwy.<br>Ellenwood, GA 30294-1576 |
| Adam M. Goodman<br>Adam M. Goodman, 13 Trustee<br>Suite 200<br>260 Peachtree Street<br>Atlanta, GA 30303-1236 | Dana Lynn Pinkett<br>705 Asbury Way<br>Lithonia, GA 30058-2920 | Demetrius Leo Pinkett<br>705 Asbury Way<br>Lithonia, GA 30058-2920 |
| Jonathan R. Melnick<br>Suite 750<br>3355 Lenox Road<br>Atlanta, GA 30326-1353 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| FARMERS FURNITURE<br>Attn: Corporate Credit<br>P.O. Box 1140<br>Dublin, GA 31040 | (d)Farmers Furniture<br>Attn: Corporate Credit<br>P.O. Box 1140<br>Dublin, GA 31040 | (d)Farmers Furniture<br>P.O. Box 1140<br>Dublin, GA 31040 |

Georgia Department of Revenue
Bankruptcy Section
P.O. Box 161108
Atlanta, GA  30321

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Ocwen Loan Servicing, LLC

End of Label Matrix
Mailable recipients    24
Bypassed recipients     1
Total                  25